**REESE LLP**
Michael R. Reese (SBN 206773)
mreese@reesellp.com
100 West 93rd Street, 16th Floor
New York, New York  10025
Telephone:  (212) 643-0500
Facsimile:  (212) 253-4272

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone:  (310) 393-0070
Facsimile:  (212) 253-4272
Email:  *ggranade@reesellp.com*

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (*Pro Hac Vice* to be Submitted)
505 Northern Boulevard, Suite 311
Great Neck, New York 11021
Telephone:  (516) 303-0552
Facsimile:  (516) 234-7800
Email:  *spencer@spencersheehan.com*

*Counsel for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ashley Mahan, individually, and on behalf of those similarly situated, | CASE NO.  20-cv-3346 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **Demand for Jury Trial** |
| Kerry Inc., | |
| Defendant. | |

Plaintiff Ashley Mahan ("Plaintiff"), on behalf of herself and others similarly situated brings this Class Action Complaint against Kerry Inc. ("Defendant" or "Kerry"), and on the basis of personal knowledge, information and belief, and investigation of counsel, allege as follows:

## INTRODUCTION

1.      Vanilla Chai Tea Latte is a powdered chai tea mix with a purported primary characterizing flavor of vanilla manufactured, sold and marketed by Kerry under the Oregon Chai brand.

2.      During the Class Period (as defined below), Plaintiff purchased the Vanilla Chai Tea Latte in California.

3.      Kerry falsely and misleadingly markets Vanilla Chai Tea Latte to consumers as having a primary characterizing flavor of "Vanilla" that comes from the vanilla plant.

4.      In fact, Vanilla Chai Tea Latte has, at most, only a trace of real vanilla from the vanilla plant and what consumers taste is vanilla flavor provided by non-vanilla sources.

5.      Rather than having a primary characterizing flavor of real vanilla, Vanilla Chai Tea Latte contains non-vanilla flavors plant and vanilla enhancers which enhance vanilla, contrary to the legal requirements and expectations of reasonable consumers.

6.      Kerry charges a price premium for Vanilla Chai Tea Latte.

7.      Plaintiff  would not have purchased or paid more for Vanilla Chai Tea Latte had Plaintiff realized that much, if not all, of the vanilla flavor came from non-vanilla plant sources and that the primary characterizing flavor was not from the vanilla plant.

8.      Plaintiff would not have purchased or paid more for Vanilla Chai Tea Latte had Plaintiff known that what small amount of vanilla it did contain is not exclusively derived from vanilla beans.

9.      Plaintiff seeks damages and an injunction to stop Kerry's false and misleading marketing practices with regards to its Vanilla Chai Tea Latte.

## JURISDICTION

10.     This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the parties are citizens of different states.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and misrepresentations giving rise to Plaintiff's claims occurred in this District, and Defendant (1) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets of this District through the promotion, marketing, distribution and sale of its products here, (2) resides in this District, and (3) is subject to personal jurisdiction in this District.

## PARTIES

12.     Plaintiff is a resident of the City of Antioch and County of Contra Costa, California.  During the Class Period (as defined below), in California, she purchased Oregon Chai Vanilla Chai Tea Latte for personal, family, or household use at a supermarket in Brentwood, California, in December 2019. The front of the Product said "Vanilla" in large letters as well as "Vanilla and honey combine with premium black tea and chai spices" and "Made with Natural Ingredients."

13.     Plaintiff relied upon these representations when she purchased Vanilla Chai Tea Latte.  She believed that the vanilla flavor in the Vanilla Chai Tea Latte was the primary characterizing flavor, that it would come only from the vanilla plant. Plaintiff would not have purchased Oregon Chai Vanilla Chai Tea Latte had Plaintiff understood the true flavor composition of the product.  Mahan would purchase Oregon Chai Vanilla Chai Tea Latte again in the future if the product were remedied to reflect Defendant's labeling and marketing claims for it.

14.     Defendant Kerry is a Delaware corporation, with its principal place of business in Beloit, Wisconsin.

15.     Kerry is one of the world's largest food conglomerates, started by Ireland's dairy industry, and produces and markets powdered chai tea mix products in the United States and throughout the world.

16.     Kerry sells powdered chai tea mix under the "Oregon Chai" brand name throughout California.

## BACKGROUND

17.     Vanilla products are the only flavorings subject to a standard of identity.  *See* 21 C.F.R. § 169.

18.     The vanilla standards were promulgated to end practices which "deprive the consumer of value the product is represented to have, and for which the consumer pays," such as "the widespread and exceedingly serious adulteration of vanilla extracts that are now labeled 'pure.'"[1]

19.     At the time, the FDA stated that "the purposes of the standards are to assure that the consumer gets what is expected when purchasing vanilla products."[2]

20.     The FDA section chief in charge noted: "The prime purpose sought to be served by the standards adopted was to promote honest, fair dealing with housewives and other consumers of the flavorings covered by the standards."[3]

21.     Industry leaders supported vanilla standards to "insure, for the protection of both the consumers and our industry, that all vanilla products are correctly labeled and meet at least minimum standards."[4]

22.     The basis for the standards is the requirement that a "*unit of vanilla constituent* means the total sapid and odorous principles extractable from one unit weight of vanilla beans," or 13.35 ounces.[5]

23.     Further, ingredients containing vanilla are subject to specific regulations not covered by the general flavor regulations.

---

[1] Letter from McCormick & Company Inc. to HEW Secretary, January 15, 1960.
[2] Press Release U.S. Department of Health, Education, and Welfare, Sepember 13, 1963.
[3] Memorandum of Telephone Conversation between Mr. Alfred Daibock, Commercial Policy Division, Department of State and Tom Bellis, Food Standards Branch, FDA.
[4] Letter from McCormick & Company Inc. to HEW Secretary, January 15, 1960.
[5] 21 C.F.R. §169.3(c) referencing 21 C.F.R. §169.3(b).

24.    As "natural, organic and better-for-you trends proliferate, demand has flourished for naturally sourced vanilla."[6]

25.    Manufacturers have responded, "by transitioning from artificial to natural ingredients," including "natural vanilla ingredients."[7]

26.    However, global climate disruptions resulting in natural disasters befalling the primary vanilla producing country of Madagascar, have caused global vanilla shortages.

27.    This disruption in available vanilla has caused companies to cut corners when it comes to their products flavored with vanilla.

### SPECIFIC MISREPRESENTATIONS, MATERIAL OMISSIONS, AND DECEPTIVE ACTS

### Misleading and Deceptive Name

28.    A food is considered misbranded it "its labeling is false or misleading in any particular."  21 U.S.C. § 343(a).

29.    A food label contains numerous pieces of information including a (1) statement of identity and/or common or usual name, (2) flavor designation and (3) ingredient list.

---

[6] Amanda Del Buono, *Suppliers utilize cost-effective vanilla ingredient solutions*, Beverage Industry (last updated Oct. 14, 2016).
[7] *Id*.

Tins                          Packets



30.     The Product's common or usual name gives the impression that vanilla is present in an amount greater than the honey and chai spices because "Vanilla" is in the largest font above the statement of identity and highlighted on front label and vanilla is listed first in the statement of identity.

31.     The Product's labeling and appearance creates "an erroneous impression that such ingredient(s) or component(s) [vanilla] is present in an amount greater than is actually the case." 21 C.F.R. § 102.5(b).

32.     Analysis performed with gas chromatography-mass spectrometry ("GC-MS") found that not only was the amount of real vanilla, if any, *de minimis,* and that the vanilla flavor came from non-vanilla plant sources.

Peak Assignment Table – p. 5

Table 1

**Sheehan & Associates, P.C., Project #7609**
**Oregon Chai-Vanilla Chai Tea Latte Powder**
**Production Code: 080940002**
**Methylene Chloride Extract of with 1 ppm Matrix-Spiked Int. Std. by P&T-TD-GC-MS**

Data File = TSQA3761

| MS Scan # | Area Integration | Peak Assignment | Conc. PPM w/w |
|---|---|---|---|
| 128 | 72979 | diacetyl | 0.03 |
| 320 | 47766 | butyric acid | 0.02 |
| 338 | 36325 | hexanal | 0.01 |
| 433 | 27923 | pentanoic acid | 0.01 |
| 521 | 62554 | alpha-pinene | 0.02 |
| 537 | 66939 | sabinene | 0.02 |
| 557 | 695994 | hexanoic acid + benzaldehyde | 0.24 |
| 565 | 48638 | 6-methyl-5-hepten-2-one | 0.02 |
| 571 | 205613 | myrcene | 0.07 |
| 577 | 69669 | beta-pinene | 0.02 |
| 587 | 40228 | octanal | 0.01 |
| 602 | 59100 | phellandrene | 0.02 |
| 607 | 151444 | alpha-terpinene | 0.05 |
| 613 | 76140 | 2-carene | 0.03 |
| 622 | 76381 | p-cymene | 0.03 |
| 630 | 12774499 | limonene | 4.45 |
| 638 | 14147018 | benzyl alcohol | 4.92 |
| 656 | 190521 | 2-hydroxybenzaldehyde + gamma-terpinene | 0.07 |
| 678 | 59982 | phenylmethyl formate | 0.02 |
| 688 | 181675 | terpinolene | 0.06 |
| 693 | 2055563 | linalool | 0.72 |
| 721 | 4714233 | maltol | 1.64 |
| 734 | 181833 | 2-cyclohexen-1-ol, 1-methyl-4-(1-methylethyl) | 0.06 |
| 744 | 31638 | limonene oxide | 0.01 |
| 756 | 561724 | octanoic acid | 0.20 |
| 761 | 201075 | benzyl acetate | 0.07 |
| 771 | 187033 | benzene propanal | 0.07 |
| 777 | 192043 | benzoic acid | 0.07 |
| 793 | 1573466 | 4-terpineol | 0.55 |
| 805 | 2108650 | alpha-terpineol | 0.73 |
| 810 | 2872727 | naphthalene-d8 (internal standard) | 1.00 |
| 835 | 162090 | linallyl acetate | 0.06 |
| 843 | 215384 | nerol | 0.07 |
| 849 | 200704 | 2-methoxybenzaldehyde | 0.07 |
| 853 | 92107 | carvone | 0.03 |
| 863 | 192007 | nonanoic acid | 0.07 |
| 909 | 159703856 | cinnamic aldehyde | 55.59 |
| 939 | 910471 | delta-elemene + alpha-terpineol acetate | 0.32 |
| 975 | 184660143 | eugenol | 64.28 |
| 988 | 6738967 | eugenyl methyl ether | 2.35 |
| 992 | 521400 | elemene | 0.18 |
| 1015 | 30885726 | vanillin | 10.74 |
| 1027 | 119802 | ? sesquiterpene | 0.04 |
| 1037 | 25387074 | caryophyllene | 8.84 |
| 1064 | 9588671 | dihydrocoumarin | 3.34 |
| 1068 | 1357977 | curcumene | 0.47 |
| 1086 | 12538585 | eugenyl acetate | 4.36 |
| 1092 | 1193079 | eremophylene | 0.42 |
| 1095 | 1178417 | cadinene | 0.41 |
| 1101 | 3293682 | delta-cadinene | 1.15 |
| 1110 | 1905777 | 2-methoxycinnamic aldehyde | 0.66 |
| 1174 | 920785 | caryophhylene oxide | 0.32 |
| 1117-1306 | 4674870 | complex mixture of sesquiterpenes, sesquiterpene alcohols & sesquiterpene oxides | 1.63 |
| 1311 | 63761 | benzyl benzoate | 0.02 |
| 1388 | 281463 | caffeine | 0.10 |
| | | **Total** | **169.76** |

33.     To authenticate real vanilla, industry practice relies on the presence of four "marker compounds," present in consistent amounts, identified in the following table.

| Compounds | Percent Present in Vanilla Beans |
|---|---|
| vanillin | 1.3-1.7 % |
| p-hydroxybenzaldehyde | 0.1% |
| vanillic acid | 0.05% |
| p-hydroxybenzoic acid | 0.03% |

34.     The only vanilla marker compound detected was vanillin, at 10.74 PPM (MS Scan # 1015) (Table 1), indicating that the vanilla flavor does not come from the vanilla plant.

35.     Since vanillin has the same chemical profile whether obtained from vanilla beans or produced synthetically, the absence of p-hydroxybenzaldehyde, p-hydroxybenzoic acid and vanillic acid is a molecular indicator that what tastes like vanilla is not from vanilla beans.

36.     However, the Products' front label does not state "contains some vanilla" or "made with a drop of vanilla extract," but designates the characterizing flavor as "Vanilla" without qualifying terms and lists "Vanilla" ahead of other flavorings in the statement of identity.  This is misleading to consumers, as well as violates FDA regulations.

**Misleading and Deceptive Statement**
**"Made With Natural Ingredients"**

37.     Kerry's statement on the front label, "Made With Natural Ingredients," is false, deceptive and unlawful because reasonable consumers receive the impression that all of its ingredients are "natural."



38.     The FDA interprets "natural" to mean "that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in that food."   See 80 Fed. Reg. 69905, "Use of the Term "Natural" in the Labeling of Human Food Products; Request for Information and Comments," Nov. 12, 2015 (stating FDA would maintain its policy "not to restrict the use of the term 'natural' except for added color, synthetic substances, and flavors.").

39.     "Made with Natural Ingredients" is false, deceptive and misleading because the Product contains synthetic ingredients including maltol (MS Scan # 721), 1.64 PPM, limonene (MS Scan # 630), 4.45 PPM and linalool (MS Scan # 693), 0.72 PPM.

40.     The FDA lists maltol as an ingredient in the section "Synthetic flavoring substances and adjuvants." *See* 21 C.F.R. § 172.515(b) ("Synthetic flavoring substances and adjuvants.").

41.     Maltol is a flavor enhancer and synthetic flavoring substance which does not "contribute a flavor of its own" but is used to enhance and substitute for real vanilla, by increasing the sweetness of a food or beverage.

42.     The FDA lists limonene and linalool as ingredients in the section "Synthetic flavoring substances and adjuvants." *See* 21 C.F.R. § 182.60.

43.     Reasonable consumers are misled because the Product's vanilla taste is not supplied by vanilla but by vanillin, the original "artificial flavor," designed in a laboratory to mimic the taste provided by real vanilla beans.

44.     The Product's relatively high level of vanillin, without the other marker compounds is consistent with industry practice where vanillin is added to a drop of real vanilla to "fortify" or "spike" a vanilla taste.

45.     Though many vanillin ingredients are permitted to be designated as "Natural Flavor," this is a deceptive practice prohibited by the vanilla regulations.

46.     This is because the "standards of identity for vanilla extract (21 CFR 169.175) and vanilla flavoring (21 CFR 169.177) do not provide for the use of vanillin," such that even "natural vanillin" may not "be used to make natural vanilla flavors."   FDA Letter, Ferre-Hockensmith to

Richard Brownell, Jr., April 19, 2005, pp. 1-2; see 21 C.F.R. § 169.175(a)(1)-(5) (listing glycerin, propylene glycol, sugar, dextrose and corn sirup as only optional ingredients for vanilla extract).

47.     The Product's front label is misleading because "Vanilla," without more, implies the Product's flavor "is a 'natural vanilla flavor'" even though naturally produced vanillin "is not derived from vanilla beans.  FDA Letter, Ferre-Hockensmith to Richard Brownell, Jr., August 5, 2008, p. 2.

48.     When vanillin is added to a flavor containing vanilla extract, the ingredient list must say "contains vanillin, an artificial flavor (or flavoring)."  *See* Vanilla-vanillin extract at 21 C.F.R. § 169.180(b) ("The specified name of the food is 'Vanilla-vanillin extract _-fold' or '_-fold vanilla-vanillin extract', followed immediately by the statement 'contains vanillin, an artificial flavor (or flavoring)'.").

49.     Because it appears the Product contains a de minimis amount of, or no vanilla, the flavor simulating vanilla but not derived from vanilla beans is required to be designated as "artificially flavored" on the front label.  *See* 21 C.F.R. § 101.22(i)(1)(ii).

50.     Given the presence of the synthetic and artificial components and ingredients – vanillin, maltol, limonene and linalool – defendant's representation that the Product is "Made with Natural Ingredients" is deceptive and misleading.

51.     Surveys and other market research, including expert testimony plaintiffs intend to introduce, will demonstrate that the term "natural" is misleading to a reasonable consumer because the reasonable consumer believes the term "natural," when used to describe foods such as defendant's Vanilla Chai Products, means that it is free of synthetic ingredients.

52.     A reasonable consumer's understanding of the term "Made with Natural Ingredients" comports with that of federal regulators and common meaning.

53.     That is, the reasonable consumer understands the representation that a product is "Made with Natural Ingredients" to mean that it does not contain any synthetic or artificial ingredients.

54.     Consumers lack the meaningful ability to test or independently ascertain or verify whether a product is "Made with Natural Ingredients," especially at the point of sale.

55.     Consumers would not know the true nature of the ingredients merely by reading the ingredient's labels.

56.     Discovering that the ingredients in the Vanilla Chai Products do not contain "Natural Ingredients" and are synthetic requires scientific investigation and knowledge of chemistry beyond the average consumer.

57.     This difficulty is increased because the synthetic ingredients – vanillin, maltol, limonene and linalool – are not even listed on the label because they are part of the "Natural Flavor."

58.     Moreover, the reasonable consumer is not expected or required to scour the ingredients list on the back of the Products in order to confirm or debunk defendant's prominent front-of-pack claim, representation, and warranty that the Product is "Made with Natural Ingredients."

59.     The material misrepresentation that the Product is "Made with Natural Ingredients" induced consumers, including plaintiffs and class members, to pay a premium to purchase the Products.

### Reliance and Economic Injury

60.     When purchasing the Oregon Chai Vanilla Chai Tea Latte, Plaintiff sought a product with a materially greater amount of vanilla than it actually contained.

61.     When purchasing the Oregon Chai Vanilla Chai Tea Latte, Plaintiff sought a product that was natural in that its flavor was provided exclusively by the natural characterizing flavor, vanilla.

62.     Plaintiff read and relied on Defendant's false and misleading product name (*i.e.*, Vanilla Chai Tea Latte), statements, statement of identity and misleading claims in its labeling and advertising of the product.

63.     Plaintiff also saw and relied on statements on the Vanilla Chai Tea Latte, which misleadingly emphasize "vanilla" even though much, if not all, of the vanilla flavoring comes from non-vanilla sources.

64.     Plaintiff purchased Oregon Chai Vanilla Chai Tea Latte, and paid more for it than she would have paid believing the product had qualities she sought (*e.g.*, only vanilla flavor from vanilla beans from the vanilla plant) and contained only natural ingredients based on the misleading labeling and marketing; but, the product was unsatisfactory to her because those representations were false and misleading.

65.     Oregon Chai Vanilla Chai Tea Latte costs significantly more per ounce at stores compared to other similar products which lack prominent and unqualified front label claims of "Vanilla" and "Made With Natural Ingredients."

66.     Plaintiff paid more for Oregon Chai Vanilla Chai Tea Latte than she would have had she not been misled by the false and misleading labeling and advertising complained of herein.

67.     For these reasons, the Oregon Chai Vanilla Chai Tea Latte products were worth less than what Plaintiff paid for them.

68.     Plaintiff purchased Vanilla Chai Tea Latte based on the false and misleading representations described herein.

69.     Plaintiff lost money as a result of Kerry's deception in that Plaintiff did not receive what she paid for.

70.     Plaintiff altered her position to her detriment and suffered damages in an amount equal to the amount she paid for the Oregon Chai Vanilla Chai Tea Latte.

71.     By engaging in its misleading and deceptive marketing, sales and pricing scheme, Kerry reaped and continues to reap increased sales and profits.

### CLASS ACTION ALLEGATIONS

72.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The class that Plaintiff seeks to represent (the "Class" or "the California Class") is composed of and defined as follows:

> All persons residing in California who have purchased Vanilla Chai Tea Latte for their own use (which includes feeding their families), and not for resale, since May 18, 2016.  Excluded from the Class are: governmental entities; Defendant; any entity in which Defendant has a controlling interest; Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns; and, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

73.     For the purposes of this Complaint, the term "Class Members" refers to all members of the Class, including the Plaintiff.

74.     This action is maintainable as a class action under Federal Rules of Civil Procedure Rule 23(a), and (b)(2) and (b)(3).

75.     **Numerosity**.  The Class consists of thousands of persons throughout the State of California.  The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action will benefit the parties and the Court.

76.     **Commonality and Predominance**.  The questions of law and fact common to the Class has the capacity to generate common answers that will drive resolution of this action.  They predominate over any questions affecting only individual class members.  Common questions of law and fact include, but are not limited to, the following:

a.     Whether Kerry contributed to, committed, or is responsible for the conduct alleged herein;

b.     Whether Kerry's conduct constitutes the violations of law alleged herein;

c.     Whether Kerry acted willfully, recklessly, negligently, or with gross negligence in the violations of laws alleged herein;

d.     Whether Class Members are entitled to injunctive relief; and

e.     Whether Class Members are entitled to restitution and damages.

77.      By seeing the name, labeling, display and marketing of Oregon Chai Vanilla Chai Tea Latte, and by purchasing Oregon Chai Vanilla Chai Tea Latte, all Class Members were subject to the same wrongful conduct.

78.      Absent Kerry's material deceptions, misstatements and omissions, Plaintiff   and other Class Members would not have purchased Vanilla Chai Tea Latte.

79.      **Typicality**.  Plaintiff's claims are typical of the claims of the Class, respectively, because Plaintiff purchased Oregon Chai Vanilla Chai Tea Latte products and was injured thereby.  The claims of Plaintiff and other Class Members are based on the same legal theories and arise from the same false, misleading and unlawful conduct.

80.      **Adequacy**.  Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with those of other Class Members.  Each Class Member is entitled to damages reflecting a similar and discrete purchase or purchases that each Class Member made. Plaintiff has retained competent and experienced class action counsel, who intends to prosecute this action vigorously.  The Class Members' interests will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

81.      **Superiority**.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because joinder of all Class Members is impracticable. The amount at stake for each consumer, while significant, is such that individual litigation would be inefficient and cost-prohibitive.  Plaintiff anticipates no difficulty in the management of this action as a class action.

82.      This Court should certify a class under Rule 23(b)(2) and (b)(3) because Defendant has acted or refused to act on grounds that apply generally to the Class, by making illegal, unfair, misleading and deceptive representations and omissions regarding Oregon Chai Vanilla Chai Tea Latte.

83.      **Notice to the Class**.  Plaintiff anticipates that this Court can direct notice to the Class, to be effectuated by publication in major media outlets and the Internet.

**FIRST CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**(Violation of California Business & Professions Code §§ 17200 *et seq.* –**
**Unlawful Conduct Prong of the UCL**)

84.     Plaintiff   incorporates by reference all allegations contained in the complaint as if fully set forth herein.

85.     California Business & Professions Code section 17200 ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."

86.     The acts, omissions, misrepresentations, practices, and non-disclosures of Kerry, as alleged herein, constitute "unlawful" business acts and practices in that they violate the Federal Food, Drug, and Cosmetic Act ("FFDCA") and its implementing regulations, including, at least, the following sections:

        a.     21 U.S.C. § 343, which deems food misbranded when the label contains a statement that is "false or misleading in any particular," with "misleading" defined to "take[] into account (among other things) not only representations made or suggested by statement, word, design, device, or any combination thereof, but also the extent to which the labeling or advertising fails to reveal facts material";

        b.     21 U.S.C. § 321(n), which states the nature of a false and misleading advertisement;

        c.     21 C.F.R. § 101.18(b), which prohibits true statements about ingredients that are misleading in light of the presence of other ingredients;

        d.     21 C.F.R. § 101.22(i) which sets forth a framework to truthfully identify the source of a product's flavor; and

        e.     21 C.F.R. § 102.5 which prohibits misleading common or usual names.

87.     Kerry's conduct is further "unlawful" because it violates the California False Advertising Law ("FAL") and the Consumer Legal Remedies Act ("CLRA"), as discussed in the claims below.

88.     Kerry's conduct also violates the California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Saf. Code section 109875, *et seq.* ("Sherman Law"), including, at least, the following sections:

    a.     Section 110100 (adopting all FDA regulations as state regulations);

    b.     Section 110290 ("In determining whether the labeling or advertisement of a food … is misleading, all representations made or suggested by statement, word, design, device, sound, or any combination of these, shall be taken into account.  The extent that the labeling or advertising fails to reveal facts concerning the food … or consequences of customary use of the food … shall also be considered.");

    c.     Section 110390 ("It is unlawful for any person to disseminate any false advertisement of any food…. An advertisement is false if it is false or misleading in any particular.");

    d.     Section 110395 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food … that is falsely advertised.");

    e.     Section 110398 ("It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded.");

    f.     Section 110400 ("It is unlawful for any person to receive in commerce any food … that is falsely advertised or to deliver or proffer for delivery any such food…."); and

    g.     Section 110660 ("Any food is misbranded if its labeling is false or misleading in any particular.").

89.     Each of the challenged statements made and actions taken by Kerry violates the FFDCA, the CLRA, the FAL, and the Sherman Law, and therefore violates the "unlawful" prong of the UCL.

90.     Kerry leveraged its deception to induce Plaintiff Mahan and members of the Class to purchase products that were of lesser value and quality than advertised.

91.     Kerry's deceptive advertising caused Plaintiff Mahan and members of the Class to suffer injury in fact and to lose money or property, as it denied them the benefit of the bargain when they decided to purchase Vanilla Chai Tea Latte over other products that are less expensive,

and contain virtually the same or immaterially different amounts of vanilla. Had Plaintiff Mahan and the members of the Class been aware of Kerry's false and misleading advertising tactics, they would not have purchased Oregon Chai Vanilla Chai Tea Latte at all, or would have paid less than what they did for it.

92.     In accordance with California Business & Professions Code section 17203, Plaintiff  seeks an order enjoining Kerry from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

93.     Plaintiff Mahan also seeks an order for the disgorgement and restitution of all monies from the sale of Oregon Chai Vanilla Chai Tea Latte products that were unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

### SECOND CLAIM
### (ON BEHALF OF THE CALIFORNIA CLASS)
**(Violation of California Business & Professions Code §§ 17200, *et seq*. –
Unfair and Fraudulent Conduct Prong of the UCL)**

94.     Plaintiff Mahan incorporates by reference all of the allegations of the preceding paragraphs as if fully set forth herein.

95.     California Business & Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

96.     The false and misleading labeling of Oregon Chai Vanilla Chai Tea Latte, as alleged herein, constitutes "unfair" business acts and practices because such conduct is immoral, unscrupulous, and offends public policy. Further, the gravity of Kerry's conduct outweighs any conceivable benefit of such conduct.

97.     The acts, omissions, misrepresentations, practices, and non-disclosures of Kerry as alleged herein constitute "fraudulent" business acts and practices, because Kerry's conduct is false and misleading to Plaintiff and members of the Class.

98.     Kerry's labeling and marketing of Oregon Chai Vanilla Chai Tea Latte is likely to deceive Class Members about the flavoring source and amount of vanilla of Vanilla Chai Tea Latte.

99.     Kerry either knew or reasonably should have known that the claims and statements on the labels of Oregon Chai Vanilla Chai Tea Latte were likely to deceive consumers.

100.     In accordance with California Business & Professions Code section 17203, Plaintiff Mahan seeks an order enjoining Kerry from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

101.     Plaintiff Mahan also seeks an order for the disgorgement and restitution of all monies from the sale of Oregon Chai Vanilla Chai Tea Latte products that were unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

### THIRD CLAIM
### (ON BEHALF OF THE CALIFORNIA CLASS)
**(Violation of California Business & Professions Code §§ 17500, *et seq.* –
False and Misleading Advertising)**

102.     Plaintiff Mahan incorporates by reference all allegations contained in the complaint as if fully set forth herein.

103.     California False Advertising Law (Cal. Business & Professions Code sections 17500 and 17508) prohibits "mak[ing] any false or misleading advertising claim."

104.     As alleged herein, Kerry, in its labeling of Oregon Chai Vanilla Chai Tea Latte, makes "false [and] misleading advertising claim[s]," as it deceives consumers as to the flavor composition and amount of vanilla in Vanilla Chai Tea Latte.

105.     In reliance on these false and misleading advertising claims, Plaintiff Mahan and members of the Class purchased and used Oregon Chai Vanilla Chai Tea Latte without the knowledge that Oregon Chai Vanilla Chai Tea Latte did not get its vanilla taste from vanilla beans.

106.     Kerry knew or should have known that its labeling and marketing was likely to deceive consumers.

107.     As a result, Plaintiff Mahan and the Class are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Kerry was unjustly enriched.

**FOURTH CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**(Violation of California Civil Code §§ 1750, *et seq.* –**
**Consumers Legal Remedies Act)**

**(Injunctive Relief Only)**

108.   Plaintiff Mahan incorporates by reference all allegations contained in the complaint as if fully set forth herein.

109.   The CLRA adopts a statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services primarily for personal, family, or household purposes.

110.   Kerry's policies, acts, and practices were designed to, and did, result in the purchase and use of Oregon Chai Vanilla Chai Tea Latte primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the CLRA:

   a.   Section 1770(a)(2), which prohibits representing that goods have a particular composition or contents that they do not have;

   b.   Section 1770(a)(5), which prohibits representing that goods have characteristics, uses, benefits or ingredients that they do not have;

   c.   Section 1770(a)(7), which prohibits representing that goods are of a particular standard, quality, or grade if they are of another;

   d.   Section 1770(a)(9), which prohibits advertising goods with intent not to sell them as advertised; and

   e.   Section 1770(a)(16), which prohibits representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

111.   As a result, in accordance with Cal. Civ. Code section 1780(a)(2), Plaintiff Ashley Mahan and members of the Class have suffered irreparable harm and are entitled to equitable relief in the form of an order enjoining Kerry from continuing to engage in the deceptive practices described above; requiring Kerry to provide public notice of the true nature of Oregon Chai Vanilla Chai Tea Latte; and Enjoining Kerry from such deceptive business practices in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and other members of the proposed Class herein, prays for judgment and relief on all of the legal claims as follows:

A.      An order certifying that the action may be maintained as a class action and requiring Kerry to bear the cost of class notice;

B.      An order enjoining Kerry from pursuing the policies, acts and practices complained of herein;

C.      An order compelling Kerry to destroy all misleading and deceptive advertising materials and packaging;

D.      An order requiring Kerry to pay restitution to Plaintiff and all members of the Class;

H.      Costs, expenses, and reasonable attorneys' fees; and

I.      Such other and further relief as the Court may deem necessary or appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all causes of action so triable.

Dated:  May 18, 2020

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese (SBN 206773)
100 West 93rd Street, 16th Floor
New York, New York  10025
Telephone:  (212) 643-0500
Facsimile:   (212) 253-4272
Email:  *mreese@reesellp.com*

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone:  (310) 393-0070
Facsimile:   (212) 253-4272
Email:  *ggranade@reesellp.com*

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (*Pro hac vice* to be submitted)
505 Northern Blvd Ste 311
Great Neck New York 11021-5101
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

*Counsel for Plaintiff and the Proposed Class*

**AFFIDAVIT OF MICHAEL R. REESE**

**PURSUANT TO CALIFORNIA CIVIL CODE § 1780**

Michael R. Reese declares:

1.      I am an attorney duly admitted to practice before this Court.  I am a partner in the law firm of Reese LLP, attorneys of record for Plaintiff.

2.      I am one of the attorneys principally responsible for the handling of this matter.  I am personally familiar with the facts set forth in this declaration, and if called as a witness, I could and would competently testify to the matters stated herein.

3.      This action has been commenced in a county described in California Civil Code section 1780 as a proper place for the trial of the action.  The transactions or a substantial portion thereof occurred in Contra Costra County, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 18, 2020, at New York, New York

                                          */s/ Michael R. Reese*
                                          Michael R. Reese